UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SMITH,

                    Plaintiff,

-against-

UNITED STATES MARSHALS SERVICE and EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,

                    Defendants.

19-CV-3572-LTS

ORDER

        The Court has received defendants' motion for summary judgment and related papers. (Docket Entry Nos. 27-30.) The Court notes that the motion is made on behalf of not only named defendant the United States Marshals Service ("USMS"), but also on behalf of the Executive Office for United States Attorneys ("EOUSA"), an entity which plaintiff had not explicitly named as a defendant and which had not previously appeared in this action. However, the EOUSA did receive and respond to certain of the FOIA requests at issue in this action. (See Docket Entry No. 8 ("Am. Compl.") at Exs. K, O-R.) Moreover, the EOUSA concedes that plaintiff, who is pro se, likely intended to name the EOUSA as a defendant, and that plaintiff exhausted his remedies as to at least one of his FOIA requests to the EOUSA. (See Docket Entry No. 28 at 2 ("[W]ith the exception of a single FOIA request to EOUSA, Plaintiff fails to allege that he exhausted his administrative remedies, as required under the statute."); id. at 6 n.4 ("It appears that Plaintiff mistakenly listed defendant as the United States Attorney for the Eastern District of New York. Instead, he should have named EOUSA, which is the entity to which he sent his FOIA requests and which responded to those requests.").) In light of plaintiff's pro se status, and defendants' concession that the EOUSA is a proper defendant to plaintiff's FOIA

claim, the Court construes plaintiff's Amended Complaint to assert a FOIA claim against the EOUSA.[1]

Plaintiff's July 3, 2018, FOIA request to the EOUSA sought "all information pursuant [sic] my transfer from state custody to federal custody [between April 29, 2011 and July 1, 2011] . . . including but not limited to: writ of habeas corpus, federal indictment information, prisoner transfer information, district court signature, grand jury information, etc." (Am. Compl. Ex. O.) The EOUSA claims to have transmitted that FOIA request to the USMS, pursuant to 28 C.F.R. § 16.4(c),[2] because USMS is the "proper recipient" of FOIA requests seeking "records on prisoners in the custody of the United States Marshals," including records related to "prisoner transportation." (Docket Entry No. 28 at 21 (quoting Department of Justice Reference Guide: Attachment B).)[3] It is not clear from the record whether the EOUSA (as the proper recipient of FOIA requests for records of "criminal investigations," see Attachment B) also searched its own records for any "writ[s] of habeas corpus, federal indictment information, prisoner transfer information, district court signature, grand jury information, etc.," underlying plaintiff's transfer.

Defendants are directed to file a supplement to their motion for summary judgment, by **September 11, 2020**, clarifying whether the EOUSA performed any search of its

---

[1] To the extent plaintiff's Amended Complaint can be construed to raise a cause of action against the EOUSA under 42 U.S.C. § 1983, the Court dismisses that claim sua sponte on the sovereign immunity grounds set forth in the Court's Order to Amend dated August 21, 2019 (Docket Entry No. 7), and Sealed Order dated January 8, 2020.

[2] 28 C.F.R. § 16.4(c) provides: "Re-routing of misdirected requests. Where a component's FOIA office determines that a request was misdirected within the Department, the receiving component's FOIA office shall route the request to the FOIA office of the proper component(s)."

[3] Attachment B is available at https://www.justice.gov/oip/doj-reference-guide-attachment-b-listing-and-descriptions-department-justice-components-foia (last visited August 27, 2020).

own in response to plaintiff's FOIA request, in addition to forwarding that request to the USMS. If it did not do so, defendants shall provide the Court with any authority permitting a Department of Justice component to satisfy its duty to respond to a FOIA request merely by re-routing that request to another Department of Justice component, pursuant to 28 C.F.R. § 16.4(c), where the request appears to seek documents and information within the custody and control of both components.  Alternatively, defendants may seek to withdraw their motion for summary judgment as to the EOUSA in order to perform a prompt further search for documents responsive to plaintiff's FOIA request.

Further briefing on defendants' motion for summary judgment is stayed pending further order of the Court.  The Court will address a further briefing schedule, as well as plaintiff's request for the appointment of counsel (see Docket Entry No. 31), after receipt of defendants' supplemental submission.

The Clerk of Court is respectfully directed to add the Executive Office for United States Attorneys as a defendant on the docket sheet of this action, as reflected in the caption above.

SO ORDERED.

Dated: New York, New York
August 27, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed by Chambers to:**
Plaintiff John Smith